UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**RENEE LOVE,**

    **Plaintiff,**

v.                                         Case No: 5:24-cv-318-MMH-PRL

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying her applications for a period of disability, disability insurance benefits (DIB) and Supplemental Insurance Income (SSI). Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be affirmed.

### I. BACKGROUND

For the sake of convenience, the administrative history, which is not in dispute, is copied from the Government's brief:

> On September 22, 2021, Plaintiff filed concurrent applications for a period of disability, disability insurance benefits, and Supplemental Insurance Income, alleging disability beginning April 24, 2020 (Tr. 244-59). Following a February 2024 hearing (Tr. 47-70), the ALJ issued a decision on February 28, 2024, finding Plaintiff not disabled (Tr. 24-46). The Appeals Council

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

> subsequently denied Plaintiff's request for review (Tr. 10-15). This case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

(Doc. 17 at 2).

As of Plaintiff's alleged onset date of disability, Plaintiff was 41 years old. (Tr. 244, 253). Plaintiff has a tenth-grade education, and worked previously as a security guard, key holder at Petco, and an assistant manager at Family Dollar. (Tr. 277, 298, 331). Based on a review of the record, the ALJ found that the claimant had severe impairments including a seizure disorder, headaches, and obesity. (Tr. 30). The ALJ found that the claimant did not have an impairment or combination of impairments that meets or medically equaled an impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the listings) or that functionally equaled the listings. (Tr. 31).

The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform work with the following limitations:

> lift/carry 20 pounds occasionally 10 pounds frequently; sit for six hours in an eight hour workday; stand and/or walk for six hours in an eight hour workday; occasional climbing of ramps or stairs, but no climbing ladders, ropes, or scaffolds; frequent balancing as defined by the SCO; frequent stooping, kneeling, and crouching; occasional crawling; frequent handling and fingering with the left upper extremity; no commercial driving; work environments of moderate noise as defined by SCO noise code 3; no exposure to extreme bright lights like stage lights, headlights, or bright inspection lights, but normal home and office lighting is acceptable; must avoid concentrated exposure to vibration; and no exposure to hazardous machinery or unprotected heights.

(Tr. 32).

Based on the RFC and considering the testimony of a vocational expert (VE), the ALJ found that Plaintiff was capable of performing past relevant work as a customer service representative and security guard. The ALJ found that those jobs do not require the

performance of work-related activities precluded by Plaintiff's RFC. (Tr. 39). Accordingly, the ALJ determined Plaintiff was not disabled. (Tr. 40).

## II.  STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision. *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the

Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

## III. DISCUSSION

Plaintiff raises a single issue on appeal, whether the ALJ properly relied on the testimony of the vocational expert (VE) that Plaintiff retained the ability to perform past relevant work.

### 1. Past Relevant Work as Customer Service Representative

First, Plaintiff argues that the ALJ erred in relying on the VE's testimony because the VE misclassified Plaintiff's past relevant work. Specifically, Plaintiff argues that the VE classified Plaintiff's work as a store manager, customer service representative, and security guard, but it is unclear which of Plaintiff's prior jobs he believed qualified as a customer service representative. (Doc. 12 at 9-10). In response, Defendant does not dispute Plaintiff's assertion that she did not have past relevant work as a customer service representative. (Doc. 17 at 6).

Although not expressly explained by Defendant, even if the ALJ mischaracterized Plaintiff's past relevant work as a customer service representative, Plaintiff failed to carry her burden because she has not demonstrated, by citation to the record or otherwise, that she was unable to return to that past work (whether in the key holder for Petco job or the assistant manager at Family Dollar job) as she performed it or as generally performed in the national economy or that her RFC precluded these positions. *See Davis v. Kijakazi*, No. 8:20-cv-1058-

TGW, 2021 WL 4167885, at *3 (M.D. Fla. Sept. 14, 2021) ("The plaintiff failed to carry her burden because she provided no citations to the record to support a conclusion that she was unable to return to her past work."). Notably, Plaintiff fails to allege that she cannot return to her past relevant customer service-related work as she actually performed it or as performed in the national economy or that her RFC precluded these jobs or types of work. (Doc. 12 at 10).

Even if the ALJ mischaracterized Plaintiff's past relevant work as a customer service representative, any error is harmless because Plaintiff failed to show that her impairments precluded her from returning to her past relevant work or that her RFC precluded her past work. Courts have applied the harmless error rule to social security cases and declined to remand where doing so would be a "wasteful corrective exercise." *Morris v. Comm'r of Soc. Sec.*, No. 8:22-CV-1023-DNF, 2023 WL 4702069, at *4 (M.D. Fla. July 24, 2023), citing *Pons v. Comm'r of Soc. Sec.,* No. 21-13028, 2022 WL 1214133, at *2 (11th Cir. Apr. 25, 2022).

Further, any alleged error on behalf of the ALJ in relying on the VE's testimony regarding the customer service representative job would be harmless if the ALJ identified other past relevant work that the plaintiff can perform. *See Hunter v. Comm'r of Soc. Sec.*, 609 Fed. App'x 555, 557 (11th Cir. 2015) ("To the extent that an administrative law judge commits an error, the error is harmless if it did not affect the judge's ultimate determination." (*citing Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983))). Here, the ALJ also found that Plaintiff could perform her past work as a security guard as generally performed in the national economy. *See Morris,* 2023 WL 4702069, at *4 (applying the harmless error rule where plaintiff failed to show that she was precluded from returning to past relevant work), *and Wooten v. Comm'r of Soc. Sec.*, 787 F. App'x 671, 674 (11th Cir. 2019) (finding that even if an apparent

conflict existed, it would be harmless error because ALJ identified a different job plaintiff could perform and substantial evidence supported the ALJ's finding that the unaffected job existed in significant numbers in the national economy).

Accordingly, I submit that any classification error regarding the customer service representative job would amount to harmless error because the ALJ also found that Plaintiff could perform her past relevant job of security guard as generally performed in the national economy, and as explained below, that finding was based upon substantial evidence.

### 2. Past Relevant Work as Security Guard

Next, Plaintiff argues that the ALJ erred in relying on the VE's testimony that Plaintiff retained the ability to perform her past relevant work as a security guard. Plaintiff contends that the ALJ did not seek a reasonable explanation from the VE to resolve apparent conflicts between the VE's testimony and the Dictionary of Occupational Titles (DOT) regarding the job of security guard. In her work history report, Plaintiff stated that her work as a security guard included duties such as driving around a gated community and making rounds in a golf cart or on foot. (Doc. 12 at 10, Tr. 303). Plaintiff asserts that those duties conflict with the no commercial driving limitation in the ALJ's hypothetical question to the VE. (Doc. 12 at 10). Plaintiff argues that although the ALJ found that she could perform the security guard job as generally performed, Plaintiff's "commercial driving duties are incompatible with the DOT." (Doc. 12 at 11). Plaintiff cites the DOT definition of security guard as including periodic patrolling of buildings and grounds. Plaintiff contends that there is at least an apparent conflict with the DOT description of the security guard job duties and the VE's testimony, triggering the ALJ's duty to inquire about the conflict.

Similarly, Plaintiff asserts that an apparent conflict exists between the DOT and the VE's testimony because the ALJ limited her to work not requiring "exposure to extreme bright lights like stage lights, headlights, or bright inspection lights." (Tr. 32). While Plaintiff concedes that the DOT does not explicitly mention bright lights, Plaintiff suggest that the security guard job's requirement of inspecting "doors, windows, gates, equipment, machinery, fire hazards, water pipes, and security doors" to guard against damage such as fire, theft, vandalism and illegal entry "shows an apparent conflict between the no bright lights, such as inspection lights limitation, and the DOT." (Doc. 19 at 2).

The DOT description of the security guard job is as follows:

> Guards industrial or commercial property against fire, theft, vandalism, and illegal entry, performing any combination of following duties: Patrols, periodically, buildings and grounds of industrial plant or commercial establishment, docks, logging camp area, or work site. Examines doors, windows, and gates to determine that they are secure. Warns violators of rule infractions, such as loitering, smoking, or carrying forbidden articles, and apprehends or expels miscreants. Inspects equipment and machinery to ascertain if tampering has occurred. Watches for and reports irregularities, such as fire hazards, leaking water pipes, and security doors left unlocked. Observes departing personnel to guard against theft of company property. Sounds alarm or calls police or fire department by telephone in case of fire or presence of unauthorized persons. Permits authorized persons to enter property.

DICOT 372.667-034, 1991 WL 673100.

Under SSR 00-4p, when an apparent unresolved conflict exists between VE evidence and the DOT, the ALJ "must elicit a reasonable explanation for the conflict before relying on the VE [ ] evidence to support a determination or decision about whether the claimant is

disabled." 2000 WL 1898704, at * 2 (Dec. 4, 2000).[2] The ALJ must inquire, on the record, whether a conflict exists. *Id.* If a conflict exists, the ALJ must resolve the conflict by determining whether the explanation provided by the VE is reasonable and provides a basis for relying on the VE testimony rather than on the information contained in the DOT. *Id.* Reasonable explanations may include the availability of information about a particular job's requirements or about occupations not listed in the DOT but available in other reliable publications, information obtained directly from employers, or from a VE's experience in job placement or career counseling. *Id.*

In considering the application of SSR 00-4p, the Eleventh Circuit has concluded that ALJs maintain "an affirmative duty to identify apparent conflicts between the testimony of a [VE] and the DOT and resolve them." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1356 (11th Cir. 2018). In carrying out that duty, the ALJ must do more than simply ask the VE whether his or her testimony is consistent with the DOT. *Id.* According to the Eleventh Circuit, when a conflict has been identified, SSR 00-4p requires the ALJ to provide a reasonable explanation for the discrepancy and to detail in the decision how the ALJ resolved the conflict. *Id.* The failure to do so means that the ALJ's decision, if based upon the contradicted VE testimony, is not supported by substantial evidence. *Id.*

An "apparent conflict" is one "that is reasonably ascertainable or evident from a review of the DOT and the VE's testimony." *Id.* at 1365. "At a minimum, a conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy, even if, after further investigation, that turns out not to be the case." *Id.*

---

[2] Pol'y Interpretation Ruling : Titles II & XVI: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions, SSR 00-4P (S.S.A. Dec. 4, 2000).

In response to Plaintiff's arguments, Defendant argues that Plaintiff has not shown an apparent conflict between the VE's testimony and the DOT description of the security job position. Defendant asserts "Plaintiff has offered no evidence that operating a golf cart is a requirement of this job, that operating a golf cart requires a commercial driver's license, or that she required a commercial driver's license to perform this job." (Doc. 17 at 8-9). Likewise, Defendant asserts that there is no apparent conflict between the DOT and the VE's testimony as relating to lights, as the DOT makes no reference to exposure to extreme bright lights or inspection lights. (Doc. 17 at 10).

Defendant also points out that it was Plaintiff's burden to demonstrate that she was unable to perform past relevant work and that she failed to avail herself of the opportunity to cross examine the VE at the hearing regarding whether the security guard position involved exposure to extreme bright light. Defendant contends that the VE's testimony that Plaintiff could perform her past relevant work provided substantial evidence upon which the ALJ could rely in his decision.

The Court therefore must consider whether, upon a reasonable comparison of the DOT with the VE's testimony, a discrepancy exists as to the security guard job. Notably, the ALJ found that Plaintiff was capable performing the security guard job as "generally performed in the national economy." (Tr. 39). Plaintiff cites no case law or other authority beyond her own reasoning for her proposition that the RFC limitation regarding extreme bright lights creates an apparent discrepancy between the VE's testimony and the DOT. Similarly, Plaintiff's argument relating to making rounds via a golf cart and a commercial driver's license appears to be little more than conjecture. In both cases, I submit that there is

no apparent conflict between the DOT and the VE's testimony that a person with Plaintiff's RFC could perform the security guard position.

The ALJ's decision thoroughly considered Plaintiff's condition as a whole. Here, the ALJ presented a thorough, comprehensive hypothetical to the vocational expert that specifically identified the limitations consistent with Plaintiff's RFC. (Tr. 65). The vocational expert's testimony that a person with Plaintiff's RFC could perform the job of security guard constituted substantial evidence upon which the ALJ could rely. *See Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999). Moreover, "the claimant bears the burden of proving he is disabled, and, consequently, he is responsible for producing evidence to support his claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). Here, Plaintiff has failed to meet this burden.

I therefore recommend that the ALJ's decision should be affirmed because substantial evidence supports the ALJ's findings regarding Plaintiff's condition, the RFC, and Plaintiff's limitations. *See Miles v. Chater,* 84 F.3d 1397, 1400 (11th Cir. 1996) ("If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it.").

### IV. RECOMMENDATION

For the reasons stated above, I respectfully recommend that the ALJ'S decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

Recommended in Ocala, Florida on August 19, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy