**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

RENEE LOVE,

    Plaintiff,

vs.                                                    Case No. 5:24-cv-318-MMH-PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

# O R D E R

**THIS CAUSE** is before the Court on Magistrate Judge Philip R. Lammens' Report and Recommendation (Doc. 20; Report), entered on August 19, 2025. In the Report, Judge Lammens recommends that the Administrative Law Judge's (ALJ) decision be affirmed. See Report at 1, 10. On September 2, 2025, Plaintiff filed Objections to the Magistrate Judge's Report and Recommendation (Doc. 21; Objections). The Commissioner did not file a response to the Objections, and the time for doing so has passed. See Fed. R. Civ. P. 72(b)(2). Accordingly, this matter is ripe for review.

Because the Court finds that the Objections are due to be overruled and the Report is due to be adopted, in part, as the Court's opinion, the Court will not repeat the factual background or the arguments and authority addressed

there. Instead, the Court writes briefly only to explain the extent to which the Court adopts the Report and to address Plaintiff's specific objections.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Under Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304–05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not").

---

[1] Judge Lammens properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 1 n.1.

In the Report, the Magistrate Judge determines that the alleged misclassification of Plaintiff's work experience as a customer service representative was harmless because (1) the ALJ also found that Plaintiff could perform her past relevant job as a security guard as it is generally performed in the national economy, see Report at 6, and (2) Plaintiff failed to demonstrate that she could not return to her past work as a keyholder or assistant manager or that her residual functional capacity (RFC) precluded her past work, see id. at 4–5. The Magistrate Judge then concludes that there is no apparent conflict between the Vocational Expert's (VE) testimony and the Dictionary of Occupational Titles (DOT), and, as such, the VE's testimony constituted substantial evidence upon which the ALJ could rely. See id. at 9–10. Accordingly, the Magistrate Judge recommends that "the ALJ's decision should be affirmed because substantial evidence supports the ALJ's findings regarding Plaintiff's condition, the RFC, and Plaintiff's limitations." Id. at 10.

Upon independent review of the Report, the Court will accept and adopt, in part, the legal and factual conclusions recommended by the Magistrate Judge. In the Report, the Magistrate Judge correctly concludes that the ALJ's decision is due to be affirmed. See id. at 1, 10. The alleged misclassification of Plaintiff's work experience was harmless because the ALJ also found that Plaintiff could perform her past relevant job as a security guard as it is generally performed in the national economy. See id. at 5–6. And this finding

was supported by substantial evidence. See id. at 9–10; see also Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011) (noting that VE testimony can constitute substantial evidence when the ALJ poses a "hypothetical question which comprises all of the claimant's impairments" (internal quotations omitted)).

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to identify and resolve apparent conflicts between the VE's testimony and the DOT. See Objections at 7. But, as the Magistrate Judge correctly explained, there is no apparent conflict between the VE's testimony and the DOT. See Report at 9–10. The VE testified that an individual with limitations of no commercial driving and no exposure to extreme bright lights could work as a security guard. See Transcript of Social Security Proceedings (Docs. 10–10-24; Tr.) at 64–65. The DOT's description of a security guard includes duties such as "[p]atrol[ling], periodically, buildings and grounds"; "[e]xamin[ing] doors, windows, and gates to determine that they are secure"; "[i]nspect[ing] equipment and machinery to ascertain if tampering has occurred"; and "[w]atch[ing] for and report[ing] irregularities such as fire hazards, leaking water pipes, and security doors left unlocked." See DICOT § 372.667-034, 1991 WL 673100. Contrary to Plaintiff's contention, these duties do not appear to conflict with the above limitations. The DOT's description of a security guard does not mention commercial driving or bright lights. See id. And

a reasonable comparison of the VE's testimony with the DOT does not suggest that there is any discrepancy between the two. Compare Tr. at 64–65, with DICOT § 372.667-034, 1991 WL 673100. As such, there is no apparent conflict between the VE's testimony and the DOT. See Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1365 (11th Cir. 2018) ("[A] conflict is apparent if a reasonable comparison of the DOT with the VE's testimony suggests that there is a discrepancy").

Despite this, Plaintiff objects to the Magistrate Judge's conclusion, arguing that the Magistrate Judge erred by shifting the ALJ's burden to identify and resolve apparent conflicts onto Plaintiff. See Objections at 6. In doing so, Plaintiff misconstrues the Report. The Magistrate Judge did not impose a burden on Plaintiff to identify or resolve any apparent conflict. Rather, the Magistrate Judge compared the VE's testimony with the DOT's description of a security guard and concluded that there is no apparent conflict to identify or resolve. See Report at 7–10. The Magistrate Judge did not shift the ALJ's burden by simply observing that Plaintiff's arguments were unsupported by authority. See id. Likewise, the Magistrate Judge did not err in considering the Commissioner's arguments, including the fact that Plaintiff did not cross-examine the VE. See id. at 9. Thus, Plaintiff's objection is due to be overruled.

In light of the Court's findings above, the Court does not reach and, thus, declines to adopt, the Magistrate Judge's alternative reasoning that the alleged

misclassification of Plaintiff's work experience was harmless because Plaintiff failed to show that she could not return to her past work or that her RFC precluded her past work. See id. at 4–5. As such, the Court will overrule Plaintiff's objections regarding this alternative reasoning.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Objections to the Report and Recommendation (Doc. 21) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Doc. 20) is **ADOPTED, in part,** as set forth above.

3. The Commissioner's decision is **AFFIRMED**.

4. The Clerk of the Court is directed to enter judgment in favor of the Commissioner and close the file.

**DONE AND ORDERED** in Chambers this 18th day of September, 2025.

MARCIA MORALES HOWARD
United States District Judge

Lc35
Copies to:
Counsel of Record